UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GREAT AMERICAN FIDELITY INSURANCE COMPANY,
an Ohio corporation, and GREAT AMERICAN E&S
INSURANCE COMPANY, an Ohio
corporation,

CASE NO.: 10-CV-61423-
HUCK/O'SULLIVAN

    Plaintiff,

v.

JWR CONSTRUCTION SERVICES, INC., a Florida
corporation, GULF REFLECTIONS CONDOMINIUM
ASSOCIATION, INC., et al.,

    Defendants
_____
JWR CONSTRUCTION SERVICES, INC.,

    Cross-Plaintiff,

v.

AMERISURE INSURANCE COMPANY, a Michigan
corporation, AMERISURE MUTUAL INSURANCE
COMPANY, a Michigan corporation, and OLD
DOMINION INSURANCE COMPANY, a Florida
corporation,

    Cross-Defendants.
_____

### AMEIRSURE INSURANCE COMPANY AND AMERISURE MUTUAL INSURANCE COMPANY, MOTION TO DISMISS JWR CONSTRUCTION SERVICES, INC.'S FIRST AMENDED CROSSCLAIM FOR DECLARATORY JUDMGENT PURSUANT TO FED. R. CIV. P. 12(b)(6)

COMES NOW, AMERISURE INSURANCE COMPANY and AMERISURE MUTUAL INSURANCE COMPANY (herein collectively "Amerisure"), by and through undersigned counsel, and hereby files their Motion to Dismiss JWR Construction Services, Inc.'s (herein "JWR") First Amended Cross-Claim for Declaratory Judgment and Damages for its failure to state a claim upon which relief can

be granted, pursuant to Fed. R. Civ. P. 12(b)(6), with incorporated memorandum. In support thereof, Amerisure states as follows.

1. On August 9, 2010, Great American Fidelity Insurance Company and Great American E&S Insurance Company (herein collectively "Great American") filed a Complaint for Declaratory Judgment and Damages (herein "original action") against JWR Construction Services Inc. (herein "JWR") seeking a declaration that it owes no duties or obligations to JWR under certain environmental liability insurance policies issued by Great American. [D.E. 1]

2. Amerisure was not identified as a defendant to the Great American's August 9, 2010 complaint. [D.E. 1].

3. On October 11, 2010, Great American filed a First Amended Complaint for Declaratory Judgment and Damages in the original action. [D.E. 12]. While Great American's First Amended Complaint identified Amerisure as a defendant, Great American neither served nor obtained a waiver from Amerisure in connection with that pleading.

4. On November 12, 2010, Great American filed a status report in the original action informing this Court that Great American intended to file a "Second Amended Complaint for Declaratory Judgment and Damages" that would include only "JWR and the Gulf Reflections plaintiffs . . . as named Parties . . . ." [D.E 23, pgs. 3-4].

5. On November 22, 2010, JWR filed a Cross Claim for Declaratory Judgment and Damages against Amerisure. [D.E. 24]. JWR made no effort to serve, and in fact did not serve, Amerisure in connection with its crossclaim. [D.E. 24].

2

6.     On November 30, 2010, Great American filed a Second Amended Complaint for Declaratory Judgment and Damages in the original action. [D.E. 32]. The pleading, as represented in its status report, does not identify Amerisure as a defendant. *Id*.

7.     On December 30, 2010, JWR filed a First Amended Cross Claim for Declaratory Judgment and Damages (herein "crossclaim"). [D.E. 38].

8.     Recognizing that Amerisure was not a party to the original action, JWR requested Amerisure waive service of process in connection with its crossclaim. A waiver of service of summons was executed by Amerisure on December 30, 2010. [D.E. 50].

9.     It is well settled that a crossclaim under Fed. R. Civ. P. 13(g) must be brought by a party against a *co-party* in the original action. (Emphasis added); *see United States Agricultural Processors Marketing Service, Inc. v. Quinonez Hermanos, S.A., et al.*, 73 F.R.D. 87 (S.D. Fla. 1976); *City of Tampa v. Fourth Tug/Barge Corp.*, 163 F.R.D. 622 (M.D. Fla. 1995); *Glaziers and Glassworkers Union Local 252 Annuity Fund v. Newbridge Securities, Inc.*, 823 F.Supp. 1188, 1190 (E.D. Pa. 1993); and *Wake v. United States of America, et al.*, 1996 U.S.App. LEXIS 35578 (2nd Cir. 1996).

10.    JWR's crossclaim against Amerisure, a non-party to the original action, is improper and subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for the reasons set forth herein.

## MEMORANDUM OF LAW

Fed. R. Civ. P. 12(b)(6) provides that a pleading is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P 13(g) (herein "Rule 13(g)") provides that "a pleading may state as a crossclaim any claim by one party ***against a coparty***..." (*emphasis added*).

Here, JWR has failed to state a claim against Amerisure upon which relief can be granted insofar as it has filed a crossclaim against Amerisure in an action where Amerisure is not a party to the original action. Accordingly, JWR's crossclaim against Amerisure is invalid, untenable and subject to dismissal.

Federal law is clear that a proper crossclaim under Rule 13(g) must be asserted by a party against a *co-party* to the primary action. (Emphasis added); see *United States Agricultural Processors Marketing Service, Inc. v. Quinonez Hermanos, S.A., et al.*, 73 F.R.D. 87 (S. D. Fla. 1976) (the language of 13(g) is clear that any crossclaim must in party against a co-party); *City of Tampa v. Fourth Tug/Barge Corp.*, 163 F.R.D. 622 (M.D. Fla. 1995); *Glaziers and Glassworkers Union Local 252 Annuity Fund v. Newbridge Securities, Inc.*, 823 F.Supp. 1188, 1190 (E.D. Pa. 1993) (in interpreting Rule 13(g), the court found that the limitation on a party's right to assert a crossclaim is that the claim must be against a party to the action); *Wake v. United States of America, et al.*, 1996 U.S.App. LEXIS 35578 (2nd Cir. 1996) (recognizing same); and *Aerotrade, Inc. v. Republic of Haiti*, 399 F.Supp. 618 (S.D. N.Y. 1975) (holding that non-parties may not file crossclaims).

Here, insofar as Amerisure is not a party to the original action, JWR's crossclaim is improper, invalid and of no force or effect. Thus, JWR's crossclaim is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

**WHEREFORE**, AMERISURE INSURANCE COMPANY and AMERISURE MUTUAL INSURANCE COMPANY, respectfully requests that this Honorable Court: enter an Order granting its Motion to Dismiss JWR Construction Services, Inc.'s First Amended Cross-Claim For Declaratory Judgment

4

with prejudice pursuant to Fed. R. Civ. P. 12(b)(6); award Amerisure its costs associated with bringing the Motion to Dismiss and; award any and all other relief as this Court may deem just and proper.

DATED this 4th day of February, 2011.

Respectfully submitted,

Marlow, Connell, Abrams,
Adler, Newman & Lewis
*Attorneys for Cross-Defendants,*
*Amerisure Insurance Company and Amerisure Mutual*
*Insurance Company*
4000 Ponce de Leon Blvd., Suite 570
Coral Gables, Florida 33146
Tel: (305) 446-0500
Fax:(305) 446-3667
E-mail: jlevy@marlowconnell.com

By: s/Josh Levy
    Josh Levy
    Fla. Bar Number: 668311

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 4, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Marlow, Connell, Abrams,
Adler, Newman & Lewis
*Attorneys for Cross-Defendants,*
*Amerisure Insurance Company and Amerisure Mutual*
*Insurance Company*
4000 Ponce de Leon Blvd., Suite 570
Coral Gables, Florida 33146
Tel: (305) 446-0500
Fax:(305) 446-3667
E-mail: jlevy@marlowconnell.com

By: s/Josh Levy
    Josh Levy
    Fla. Bar Number: 668311

## JWR CONSTRUCTION SERVICES, INC. v. AMERISURE INSURANCE COMPANY and AMERISURE MUTUAL INSURANCE COMPANY

Case Number: 0:10-cv-61051-HUCK

S E R V I C E   L I S T

---

Josh Levy, Esq.
jlevy@marlowconnell.com
Marlow Connell Abrams
Adler Newman & Lewis
4000 Ponce de Leon, Blvd.
Suite 570
Miami, FL 33146
Tel: (305) 446-0500
Fax: (305) 446-3667
*Attorneys for Defendants, Amerisure*

Donald E. Elder, Esq.
delder@tresslerllp.com
Tressler, LLP
233 South Wacker Drive
22nd Floor
Chicago, Illinois 60606
Telephone: (312) 627-4186
Fax: (312) 627-1717
*Attorney for Defendants, Amerisure*

Zhanna Rondel, Esq.
zrondel@tresslerllp.com
Tressler, LLP
233 South Wacker Drive
22nd Floor
Chicago, Illinois 60606
Telephone: (312) 627-4165
Fax: (312) 627-1717
*Attorney for Defendants, Amerisure*

Abraham Sandoval, Esq.
asandoval@tresslerllp.com
Tressler, LLP
233 South Wacker Drive
22nd Floor
Chicago, Illinois 60606
Telephone: (312) 627-4165
Fax: (312) 627-1717
*Attorneys for Defendant, Amerisure Mutual*

Michael J. Yates, Esq.
myates@mjylaw.com
Law Offices of Michael J. Yates, P.L.
Sunset Station Plaza
5975 Sunset Drive, Suite 602
Telephone: (305) 666-8100
Fax: (305) 666-8106
*Attorneys for Plaintiff, JWR Construction Services, Inc.*